### No. 29,170.

CAROLINE LOCH, as Executrix, etc., *Appellee,* v. THE PAOLA FARMERS UNION COÖPERATIVE CREAMERY AND STORE ASSOCIATION, *Appellant.*

(287 Pac. 269.)

Opinion denying a rehearing filed May 3, 1930. (For original opinion of affirmance, see 130 Kan. 136.)

*Frank M. Sheridan* and *Bernard L. Sheridan,* both of Paola, for the appellant.

*Alpheus Lane* and *Karl V. Shawver,* both of Paola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In the district court judgment was rendered on the pleadings. On appeal the judgment was affirmed. In a petition for rehearing defendant contends the court failed to give consideration to a material issue of fact raised by the answer and presented by defendant's brief, which precluded judgment on the pleadings. The subject was not overlooked, but it was not discussed in the opinion because it did not seem to be of any importance.

The petition alleged that the by-law involved was in force at the time the shares were purchased and at the time the action was commenced. Defendant's answer denied all allegations of the petition which were not admitted, and contained the following:

"Defendant further admits that at the different times when the said certificates of stock were procured or purchased by said William Loch there was a provision designated, article 8 of the constitution and by-laws of this defendant, as quoted on the first page of plaintiff's petition."

So, defendant says, existence of the by-law when the action was commenced was not admitted.

Defendant's answer contained the following:

"Defendant alleges that the said alleged by-law is illegal, void and *ultra vires* and outside and beyond the scope or power or authority of defendant corporation, its board of directors, officers, or stockholders."

This reference to present-tense existence of the by-law led the court to believe that, when the answer was framed, the affirmative defense pleaded was the matter of substance. Besides that, it was plain the allegation of the petition that the by-law was in existence when the action commenced did not tender a material issue. Existence of the by-law when the action commenced was not a necessary element of plaintiff's cause of action. The allegation was pure surplusage. It is an old rule of civil procedure that only those matters which are essential to the cause of action need be considered when testing a pleading by demurrer or motion for judgment, and that only such matters need be proved at the trial. Since the petition was just as good without the allegation as with it, and just as good with the allegation as without it, the district court properly disregarded the surplusage when rendering judgment on the pleadings.

One thing more. Purchase of the shares pursuant to the by-law constituted a contract with the corporation which could not be abrogated by simple repeal of the by-law. Conceding the by-law was not in existence when the action was commenced, the pleadings disclosed no facts which discharged defendant from the obligation of the contract.

Other matters presented by the petition for rehearing are sufficiently dealt with in the original opinion.

The petition for rehearing is denied.